UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HENRY CARLOS ROMERO-NOLASCO,<br><br>Petitioner,<br><br>v.<br><br>JOSEPH D. McDONALD, JR., Sherriff, Plymouth County Correctional Facility; PATRICIA H. HYDE, Acting Field Office Director, Boston Field Office, United Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, U.S. Secretary of Homeland Security; PAMELA JO BONDI, U.S. Attorney General, *in their official capacities*,<br><br>Respondents. | Civil Action No. 25-cv-12492-MJJ |

## MEMORANDUM OF DECISION AND ORDER

September 29, 2025

JOUN, D.J.

Henry Carlos Romero-Nolasco ("Mr. Romero-Nolasco" or "Petitioner") petitions the Court under 28 U.S.C. § 2241 and the Due Process Clause of the Fifth Amendment for relief from detention at the Plymouth County Correctional Facility. I held a hearing on the petition on September 25, 2025. [Doc. No. 15].

**I.   BACKGROUND**

Mr. Romero-Nolasco is a native and citizen of Guatemala. [Doc. No. 1 at ¶ 4; Doc. No. 8-1 at ¶ 6]. Mr. Romero-Nolasco has been residing in Massachusetts since approximately 2001.

1

[Doc. No. 1 at ¶ 9]. On or about March 3, 2015, Mr. Romero-Nolasco encountered Immigration and Customs Enforcement ("ICE") agents. [Doc. No. 8-1 at ¶ 7]. Mr. Romero-Nolasco was issued a Notice to Appear pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and was released from custody on an Order of Recognizance. [Doc. No. 8-1 at ¶ 8; Doc. No. 14-3 at 2–8]. Mr. Romero-Nolasco appeared before an Immigration Judge in Boston, Massachusetts on numerous occasions until October 21, 2024, when after a full hearing on his applications for relief from removal, an Immigration Judge denied his applications and ordered his removal from the United States. [Doc. No. 1 at 2; Doc. No. 8-1 at ¶ 9; Doc. No. 14-1 at 1–4]. On November 1, 2024, Mr. Romero-Nolasco filed an appeal for the removal order to the Board of Immigration Appeals ("BIA"); the appeal remains pending. [Doc. No. 1 at 2; Doc. No. 8-1 at ¶ 10].

On September 5, 2025, Mr. Romero-Nolasco was arrested and charged by the Middleton Police Department in Middleton, Massachusetts with Operating Under the Influence of Alcohol. [Doc. No. 8-1 at ¶ 11]. On September 7, 2025, Mr. Romero-Nolasco was arrested via warrant by ICE agents pursuant to 8 U.S.C. § 1226 and detained without bond. [*Id*. at ¶ 12; Doc. No. 14-2 at 1]. Mr. Romero-Nolasco has since been transferred to the Plymouth County Correctional Facility where he is currently being held. [Doc. No. 1 at ¶ 10].

## II.  ANALYSIS

### A.  Detention

Respondents contend that Mr. Romero-Nolasco is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A),[1] while Mr. Romero-Nolasco contends that he is subject to discretionary

---

[1] 8 U.S.C.A. § 1225(b)(2)(A) states, "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229(a) of this title."

detention under 8 U.S.C. § 1226(a)[2] ("Section 1226"). It is not necessary for me to repeat the analysis done by Judge Kobick in *Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299, at *5-7 (D. Mass. July 7, 2025). I agree "that the plain text of Sections 1225 and 1226, together with the structure of the larger statutory scheme, indicates that Section 1225(b)(2) does not apply to noncitizens who are arrested on a warrant issued by the Attorney General while residing in the United States." *Id*. at *7.[3] Here, on or about March 3, 2015, Mr. Romero-Nolasco was issued a Notice to Appear in removal proceedings and was released on an Order of Recognizance pursuant to Section 1226(a). Then, on September 7, 2025, while residing in the United States, Mr. Romero-Nolasco was arrested on a warrant issued under 8 U.S.C. § 1226. Mr. Romero-Nolasco is not subject to Section 1225(b)(2)(A).

### B. Jurisdiction under 1226(e)

Respondents argue that even if I find that Mr. Romero-Nolasco is not subject to 1225(b)(2)(A), this Court lacks jurisdiction to review ICE's decision to revoke release pursuant to 8 U.S.C. § 1226(e). Section 1226(e) states, "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."

---

[2] 8 U.S.C.A. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."

[3] Respondents cite to a recent decision issued by the Board of Immigration Appeals, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), to support their argument that Mr. Romero-Nolasco is subject to Section 1225(b)(2)(A). "[C]ourts must exercise independent judgment in determining the meaning of statutory provisions," and they "may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394, 413 (2024). *Matter of Yajure Hurtado* is factually distinct and does not change my agreement with Judge Kobick's analysis.

"[T]he First Circuit has held that § 1226(e) does not strip district courts' ability to review habeas petitions challenging the constitutionality of a petitioner's detention," as here. *Ozturk v. Trump*, 777 F. Supp. 3d 26, 34 n.1 (D. Mass. 2025) (citing *Hernandez-Lara v. Lyons*, 10 F.4th 19, 33–34 (1st Cir. 2021)); *see also Campbell v. Chadbourne*, 505 F. Supp. 2d 191, 196 (D. Mass. 2007) (quoting *Denmore v. Kim*, 538 U.S. 510, 511 (2003) ("Since 'Section 1226(e) contains no explicit provision barring habeas review' the *Demore* [*v. Kim,* 538 U.S. 510 (2003)] court found no that the statute did not preclude a constitutional challenge to the alien's continued detention."). Thus, I retain jurisdiction over this action.

### C. Section 1226(b)

Respondents further argue that ICE has clear statutory authority under 8 U.S.C. § 1226(b) to revoke Mr. Romero-Nolasco's release. Section 1226(b) states, "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." Mr. Romero Nolasco does not argue that ICE has authority to revoke his release under Section 1226(b). Instead, Mr. Romero Nolasco argues that he has the right to request a custody redetermination before an Immigration Judge. I agree with Mr. Romero-Nolasco that "[i]f the officer decides to detain the noncitizen, the noncitizen may appeal that custody determination to an immigration judge ("IJ")." *Bermeo Sicha v. Bernal*, No. 25-cv-00418, 2025 WL 2494530, at *4 (D. Me. Aug. 29, 2025) (citing 8 C.F.R. § 236.1(d)(1) and *Hernandez-Lara v. Lyons*, 10 F.4th 19, 26 (1st Cir 2021) ("If the officer opts for continued detention, the noncitizen can seek review of that decision at a bond hearing before an IJ.")).

### D. *Matthews* Factors

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), sets out a three-part test that courts have used to assess due process challenges by individuals detained under Section 1226 and seeking a

4

bond hearing. *Doe v. Moniz*, No. 25-cv-12094, 2025 WL 2576819, at *10 (D. Mass. Sept. 5, 2025) (discussing "Mathews Factors"). Under *Matthews*, the three factors are: "[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

Pertaining to the first prong, Mr. Romero-Nolasco's private interest in "[f]reedom from imprisonment" is strong, further evidenced by his pending appeal to the BIA regarding his applications for relief from removal. *Bermeo Sicha*, 2025 WL 2494530, at *5 (quoting *Hernandez-Lara v. Lyons*, 10 F.4th at 28). "And while detention during deportation proceedings undoubtedly is 'a constitutionally valid aspect of the deportation process,' this does not diminish Mr. [Romero-Nolasco]'s liberty interest." *Id*. at *6 (quoting *Demore*, 538 U.S. at 523).

Pertaining to the second prong, when Mr. Romero-Nolasco was released from custody on Order of Recognizance, Respondents "necessarily determined that he was 'not a danger to the community or a flight risk.'" *See id*. at *6 (cleaned up). "Therefore, to re-detain him, the government had to show a change of circumstances.'" *See id*. (cleaned up). While it is undisputed that Mr. Romero-Nolasco is charged with Operating Under the Influence, his conviction remains pending. "[W]ithout a hearing on the basis for detention, there remains a risk that Mr. [Romero-Nolasco] is detained even though the circumstances do not warrant it." *See id*.

Pertaining to the third prong, the First Circuit has held, "the only way to constitutionally determine whether a particular noncitizen presents a flight risk involves a hearing before an IJ with properly allocated burdens of proof." *Id*. (citing *Hernandez-Lara*, 10 F.4th at 32–33).

"Moreover, the public interest weighs against detention without a hearing." *Id*. (cleaned up) (noting substantial societal costs from unnecessary detention). Thus, taken together, I find that the *Mathews* factors weigh in favor of affording Mr. Romero-Nolasco notice and an opportunity to be heard.

### E. Remedy

Respondents argue that Mr. Romero-Nolasco's remedy should be a bond hearing in Immigration Court. Mr. Romero-Nolasco argues that any order from this Court to the Boston Immigration Court would be an exercise in futility because the Immigration Court is bound by *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). However, Mr. Romero-Nolasco has provided no support to show that he would not receive a fair bond hearing upon this Court's order to do so under 8 U.S.C. § 1226(a). As such, I find that the appropriate remedy at this stage is a bond hearing before an IJ.

## III. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas is <u>GRANTED</u>. Respondents are <u>ORDERED</u> to provide Mr. Romero-Nolasco with a bond hearing under 8 U.S.C. § 1226(a) within 10 days of this Order. The Respondents are <u>ENJOINED</u> from denying bond to Mr. Romero-Nolasco Rodriguez on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). The Respondents are further <u>ORDERED</u> to file a status report within 24 hours of the bond hearing, stating whether Mr. Romero-Nolasco has been granted bond, and, if his request for bond was denied, the reasons for that denial.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge
