UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| HENRY CARLOS ROMERO-NOLASCO, | ) ) ) | |
| Petitioner, | ) ) ) | Civil Action No. 1:25-CV-12492-MJJ |
| JOSEPH D. McDONALD, Jr. Sheriff, Plymouth County Correctional Facility, et al, | ) ) ) ) | |
| Respondents. | ) ) ) | |

**PETITIONER'S RESPONSE TO RESPODENT'S STATUS REPORT AND REQUEST FOR IMMEDIATE RELEASE**

On September 29, 2025, this Court issued a Memorandum of Decision and Order granting Mr. Romero-Nolasco's Petition for a Writ of Habeas Corpus and further ordering the Respondents to provide Mr. Romero-Nolasco with a bond hearing under 8 U.S.C. § 1226(a) within 10 days of the Order. The Respondents were also enjoined from denying bond to Mr. Romero-Nolasco Rodriguez on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). The Respondents were ordered to file a status report within 24 hours of the bond hearing, stating whether Mr. Romero-Nolasco has been granted bond, and, if his request for bond was denied, the reasons for that denial. [Doc. No. 16].

On October 7, 2025, the Respondent in this case submitted a document titled Order of the Immigration Judge. [Doc. No. 17-1]. In that document the immigration judge ("IJ") indicated that she was denying bond because, "[Mr. Romero-Nolasco] poses a flight risk that would not be ameliorated by *any conditions or bond amount* and there is no condition or bond amount that

would assure the court of [Mr. Romero-Nolasco's] compliance with the court's orders and instructions." The IJ made this decision based only on an arrest and charge for Operating Under the Influence on September 7, 2025 and which prompted Immigration and Customs Enforcement ("ICE") to grab Mr. Romero-Nolasco from the custody of the Middleton Police Department within hours and whisked him away to Plymouth County Correctional Facility. There was neither a field sobriety test nor a breathalyzer test. In fact, because Mr. Romero-Nolasco was so abruptly taken away by ICE, the Commonwealth of Massachusetts was not even able to arraign him until recently. A default warrant had been issued because he was supposed to be arraigned on September 8, 2025, at which point he would have been released either on his own recognizance or on a typical bond amount of a couple of hundred dollars.[1]

## Bond Request in Immigration Court

It has been well-settled in Massachusetts that the burden of proof of eligibility for bond is on the government. In a class action lawsuit brought by the ACLU, Judge Patti B. Saris spoke clearly on the issue burden of proof and said that "In cases where a noncriminal alien will be deprived of liberty, due process requires the Government prove detention is necessary. See *Foucha v. Louisiana*, 504 U.S. 71, 81–82 (1992); *Addington v. Texas*, 441 U.S. 418, 427 (1979). Mr. Romero Nolasco is indeed a noncriminal noncitizen because he has not been convicted of any crime that would make him ineligible for bond in immigration court. In fact, up until November 25, 2025, the government had refused to bring him to his arraignment, depriving him of his due process rights and the right to seek a speedy trial of the unsupported charge of driving under the influence. Mr. Romero's wife was finally able to hire private counsel who was able to remove the

---

[1] It appears that an on-call bail clerk was called by the Middleton Police and he was supposed to come over and release Mr. Romero-Nolasco by 7:00 AM. Shortly after, however, another police officer called the Department of Homeland Security and they sent an ICE agent right away.

default in Salem District Court. Again, Mr. Romero was unable to attend his arraignment because ICE took him into custody and refused to bring him to his hearing. Criminal defense counsel was finally able to get ICE to produce him via Zoom and the default was removed and he is now scheduled for another hearing on December 22, 2025.

Significantly, however, the presiding judge in Salem District Court granted him bail in the amount of $1,500.00 which he would gladly pay and be released. Instead, he has already spent almost three months in detention for a crime he adamantly denies and for which he would have never been incarcerated as it is common in Massachusetts for first time OUI offenders to receive a continuance without a finding conditioned upon completion of an alcohol program. But, again, Mr. Romero has steadfastly denied that he was driving under the influence of alcohol or any other substance on that night. He has stated multiple times that he was driving at night and looking at the GPS when he dropped the phone and went over the yellow line.

But the immigration judge in Chelmsford, perhaps knowing that she could not deny him bond based on dangerousness, made the bizarre decision of denying him bond based on the mistaken reason that he would be a flight risk.

Flight risk typically means that the person will not return to court for future hearings and will instead disappear. None of that is likely to happen here. Normally, the immigration judge looks at things like permanent address and length of residence, family ties, school and employment history, history of failure to comply with court hearings, manner of entry, community ties, eligibility for immigration relief and, sometimes, whether there is a sponsor who would aid the noncitizen with the logistics of coming to court. Mr. Romero has been living in the United States since 2001, has four U.S. citizen children (three of whom are enrolled in school), has a profitable

business that is now in serious trouble due to his continued unreasonable detention, has always attended his immigration court hearings, has a pending appeal of his application for cancellation of removal, and does not need a sponsor because he is a very reliable and hard-working individual.

It is for these reasons that Mr. Romero, through undersigned counsel, respectfully requests that the court order his immediate release, or, alternatively, order that he be released upon the payment of a $1,500.00 bond to DHS, which is an equal amount to what the Salem District Court has set his bail already. In support of this request, Mr. Romero is including a copy of the Reasons for Bail from the Salem District Court, the printout from the Massachusetts Court System, and a copy of the actual documents submitted to the immigration court in support of his request for bond redetermination.

Dated: December 3, 2025                                   Respectfully submitted,

                                                          /s/ Carlos E. Estrada
                                                          Estrada Law Office
                                                          480 William F. McClellan Hwy.
                                                          Suite 203C
                                                          East Boston, MA 02128
                                                          617-742-3030

## CERTIFICATE OF SERVICE

I, Carlos E. Estrada, attorney for the petitioner, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants.

Dated: December 3, 2025                                   */s/ Carlos E. Estrada*
                                                          Carlos E. Estrada
                                                          Attorney for the Petitioner